**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

SWEET SAM'S BAKING COMPANY, LLC,  :   Civil Action No. 1:26-cv-5090

             Plaintiff,  :   **COMPLAINT**

   -against-  :   **JURY TRIAL DEMANDED**

TARA M. FRANKLIN d/b/a SWEET SAM BAKES,  :

          Defendant.  :

---------------------------------------------------------------- X

## COMPLAINT

Sweet Sam's Baking Company, LLC ("Plaintiff" or "Sweet Sam's"), by and through its undersigned counsel, as and for its Complaint, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement and unfair competition in violation of the common law of the State of New York, and trademark dilution under N.Y. Gen. Bus. Law § 360-l.

## JURISDICTION AND VENUE

2.     The Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over the Defendant in that the Defendant does business and/or transacts business in the State of New York, and has sold the infringing goods that are the subject of this suit in this State and District.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Defendant transacts business and/or does business within this district and/or in the State of New York, and that a substantial part of the events giving rise to this claim occurred in this district.

**THE PARTIES**

5.      Plaintiff is a New York limited liability company with its principal place of business at 1261 Seabury Avenue, Bronx, New York 10462.

6.      Upon information and belief, Defendant is an individual residing at 53 Hamel Avenue, Williamstown, Massachusetts 01267.

**THE FACTS**

7.      Sweet Sam's is a family-owned, New York-based commercial bakery that has produced and sold baked goods for over three decades.  Founded in 1991 and rooted in meticulously refined recipes and  high-quality ingredients, Sweet Sam's has grown from a small, local business into a well-established wholesale and direct-to-consumer bakery serving customers throughout the United States.

8.      Sweet Sam's has used the SWEET SAM'S and SWEET SAM'S BAKING COMPANY names and marks (collectively, the "SWEET SAM'S Marks") in commerce since at least 1995, both as word marks and in logo form, in connection with its bakery and baked goods. Over the years, Sweet Sam's has utilized the SWEET SAM'S Marks in certain stylized letters and logo forms and has owned federal trademark registrations covering versions of these marks (e.g., Reg. No. 7595972).  While the specific stylizations and logo forms have been updated from time to time, the marks have consistently retained the same dominant SWEET SAM'S wording and have remained substantially similar in appearance and overall commercial impression, without material differences.  Examples of the logo forms of the SWEET SAM'S Marks as used over time are shown below:

2

  

9.    Since at least as early as 1995, Sweet Sam's has continuously used the SWEET SAM'S Marks in commerce in connection with its bakery operations and with its baked goods, including cookies, brownies, pound cakes, coffee cakes, muffins, cupcakes, and related products, examples are which are shown below:












4

10.    Today, Sweet Sam's sells its products nationwide through a variety of channels, including wholesale distribution, retail partners, and direct online sales.  Sweet Sam's has sold its products through wholesale distribution and retail channels since approximately 1991 and began offering direct-to-consumer sales as early as 1996.  It currently offers wholesale and direct-to-consumer sales on its website.  This progression reflects Sweet Sam's expansion from primarily wholesale distribution to a multi-channel sales model serving both commercial partners and individual consumers.

11.    Sweet Sam's branded baked goods can be found in grocery stores, food-service venues, and other establishments across the country, including, among others, Albertsons (Safeway), Amtrak (all locations nationally), Au Bon Pain, GoPuff, DashMart.  Sweet Sam's branded products can also be found in Hudson News locations in airports in major metropolitan cities, such as New York, Boston, and Baltimore.  In the next several weeks, Sweet Sam's products will be available in over 1,000 coffee chain locations.  Additionally, resellers offer Sweet Sam's products for sale via ecommerce channels such as Amazon and Walmart.com.

12.    From 2011 through 2025, Sweet Sam's has also sold its products in Whole Foods Markets across multiple regions of the United States, including New England.  The breadth of sales through Whole Foods Market reached at least 100 stores and included several products, including pound cakes and coffee cakes.  Within a few years after the partnership began, Sweet Sam's products were in Whole Foods Markets across New England and the Northeast, the Mid-Atlantic, the Southeast United States, California, and Texas.

13.    Other partnerships between Sweet Sam's and well-known retailers have included Starbucks, Sprouts (200 locations), Walmart (at one point appearing in over 300 locations), Roundy's, Chuck E. Cheese (all locations nationally), and many other regional chains.

14. In addition to East Coast states such as New York, New Jersey, and Connecticut, Massachusetts is a core market for Sweet Sam's branded goods. In Massachusetts, Plaintiff's use of the SWEET SAM'S Marks in connection with the sale and distribution of its baked goods dates back to 1996. Sweet Sam's supplies branded products to large distributors serving the Massachusetts market, including, among others, Gordon Food Service, PFG (Reinhart), Core-Mark, UNFI, and Vistar, which in turn distribute Sweet Sam's products to a wide range of food service and retail establishments throughout the state, including Kings/Balducci's, Dashmart, and GoPuff. As a result, Sweet Sam's products – including its pound cakes, whoopie pies, cookies, and cupcakes – are found in numerous consumer-facing marketplaces, such as grocery stores, convenience stores, restaurants, and other establishments across Massachusetts, all of which are prominently branded with the SWEET SAM'S Marks. In recent years, Sweet Sam's has generated over half a million dollars in annual sales connected to the Massachusetts market.

15. In light of the popularity of Plaintiff's products, Sweet Sam's branded baked goods have achieved substantial commercial success nationwide, generating several millions of dollars in annual sales and continuing to grow year over year.

16. Sweet Sam's maintains a website at the domain www.sweetsams.com ("Plaintiff's Website") in which it promotes its goods under the SWEET SAM'S Marks. The website has been active since at least January 2009 and sees thousands of unique visitors annually. An example of the prominent display of Plaintiff's SWEET SAM'S Marks on Plaintiff's Website, in its current form, is shown below:



17.    In addition to using the SWEET SAM'S Marks in connection with its baked goods, Plaintiff also uses the SWEET SAM'S Marks in connection with its online retail services. In particular, Plaintiff operates an e-commerce platform through its website through which it offers for sale and sells its baked goods directly to consumers nationwide, such that consumers encounter the SWEET SAM'S Marks not only as a product identifier, but also as a designation of the source of Plaintiff's retail services.

18.    Plaintiff's Website provides detailed information regarding its baked goods, including its full range of products such as pound cakes, cookies, coffee cakes, cupcakes, and other desserts, as well as ordering and distribution options for both wholesale and direct-to-consumer customers.

19.    Plaintiff also has social media accounts on Facebook, X, and Instagram and has advertised and promoted its SWEET SAM'S Marks through those platforms, as shown below.



20.    Sweet Sam's and the goods sold under the SWEET SAM'S Marks have been the subject of industry accolades and unsolicited media attention.  For example, Sweet Sam's has been featured by the New York City Industrial & Technology Assistance Corporation ("ITAC"), a leading consulting organization, in its "Faces of Manufacturing" series, which recognized Sweet Sam's as a notable New York manufacturer and highlighted its growth, longstanding presence in the baking industry, and reputation for high-quality products.  The article describes Sweet Sam's humble beginnings – producing gourmet baked goods in a modest 4,000-square-foot space – to its growth "into a recognize brand" operating out of a 72,000-square-foot state-of-the-art facility.  As noted by ITAC, despite the increased scale, Sweet Sam's maintains a commitment to quality ingredients and time-tested family recipes.

21.     In addition, Sweet Sam's and its products have been referenced in media and trade coverage in connection with the retail and foodservice establishments in which they are sold, including coffee shops, cafes, and airport concession locations, demonstrating the brand's widespread commercial presence and visibility to consumers.

22.     Sweet Sam's also actively participates in industry conferences and trade shows, including events hosted by organizations such as the International Dairy Deli Bakery Association ("IDDBA") and major industry trade shows such as the National Restaurant Association Show, which bring together thousands of manufacturers, retailers, distributors, and other professionals in the bakery and foodservice industries.  As recently as two years ago, Sweet Sam's also attended Specialty Food Association's Fancy Food Shows and the NACS Show, a leading trade show for the convenience retail industry, and plans to attend PLMA's Annual Private Label Trade Show this year.  Through its participation in these events, Sweet Sam's showcases its branded products, engages with customers and industry partners, and promotes the SWEET SAM'S Marks in connection with its goods.

23.     Through its longstanding and uninterrupted use of the SWEET SAM'S Marks, Sweet Sam's has developed substantial goodwill and consumer recognition in the SWEET SAM'S Mark for baked goods, retail services and related goods.

24.     Over decades of use, promotion, and sales, the SWEET SAM'S Marks have come to function as a powerful source identifier, uniquely associated in the minds of consumers and the trade with Sweet Sam's and its baked goods and services.

25.     Sweet Sam's common law rights significantly predate Defendant's adoption of the infringing name, as discussed below.

## DEFENDANT'S ACTIVITIES

26.     Defendant Tara Franklin ("Defendant") operates a bakery business under the name "Sweet Sam Bakes," based in Massachusetts.  Upon information and belief, Defendant began her business on a small scale, preparing baked goods in her home kitchen and selling them locally, including through small markets and word-of-mouth promotion, and has used the Sweet Sam Bakes mark in connection with the sale of those baked goods.

27.     Plaintiff recently learned that Defendant has since expanded beyond her small local operation, and now markets and sells baked goods, including cookies and brownies, through multiple online channels, including her storefront on the Etsy marketplace (www.etsy.com/shop/SweetSamBakes).  Defendant's Etsy shop reflects sales of baked goods under the Sweet Sam Bakes name and mark (the "SWEET SAM BAKES Mark"), shown below:



28.     Upon information and belief, in the last year, Defendant launched a public-facing website located at the domain www.sweetsambakes.com, representing a further expansion of her business beyond her Etsy storefront into a dedicated direct-to-consumer sales platform.

29.    Defendant also offers her SWEET SAM BAKES baked goods on that website. SWEET SAM BAKES is prominently identified as the source of the baked goods at the top of the homepage and several subpages ("Cookies" and "Samplers").  The SWEET SAM BAKES Mark is also prominently displayed on the Defendant's packaging as shown below:



11



30.    Like Plaintiff, Defendant's website functions as an online retail platform through which Defendant markets and sells baked goods directly to consumers under the SWEET SAM BAKES Mark.  Through this website, Defendant uses the SWEET SAM BAKES Mark not only in connection with her baked goods, but also as a designation of the source of her retail services, such that consumers encounter the mark as identifying Defendant's online store.  Defendant's use of the SWEET SAM BAKES Mark in this manner further increases the likelihood of confusion with Plaintiff's SWEET SAM'S Marks.  Defendant's Etsy storefront serves a similar purpose and identifies Defendant's retail services under the SWEET SAM BAKES Mark.

31.    Upon information and belief, Defendant's business is primarily based in Massachusetts and focused on customers in the Northeast, a region in which Sweet Sam's has long sold products under the SWEET SAM'S Marks, resulting in substantial overlap between the parties' markets and customers.  Defendant's website is accessible to users across the United States and, in particular, to New York residents, who may purchase SWEET SAM BAKES baked goods from New York for delivery into New York.  Upon information and belief, consumers in New York have visited the website, and Defendant has sold SWEET SAM BAKES products to consumers in New York.

32.    Defendant also advertises and promotes her products on social media platforms, including Facebook and Instagram, where she uses the SWEET SAM BAKES Mark to identify her business and goods:

13







33.    Upon information and belief, Defendant has sold baked goods, including in New York, prominently bearing the SWEET SAM BAKES Mark, as seen in an example below:





34.    The prominence of SWEET SAM BAKES, both on Defendant's websites and social media pages, as well as on product labels and packaging, indicates that Defendant is using the term as a trademark to indicate the source of her baked goods and retail bakery services.

35.    Defendant offers for sale baked goods that are the same as Sweet Sam's products, including cookies, brownies, and other confectionery items, all marketed under the SWEET SAM BAKES Mark.

16

36. Defendant has performed the aforementioned acts without Plaintiff's permission or authority and notwithstanding Plaintiff's prior rights. Plaintiff has notified Defendant that her use of the SWEET SAM BAKES Mark infringes upon Plaintiff's superior trademark rights and has demanded that Defendant cease and desist from any further use of such designations. Despite such notice and with full awareness of Plaintiff's superior rights, Defendant has nevertheless continued to use the SWEET SAM BAKES Mark in willful violation of Plaintiff's trademark rights.

37. Upon information and belief, Defendant's activities described above have caused and are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade as to the source of Defendant's products. Moreover, Defendant's wrongful conduct has created and is likely to continue to create a false impression and deceive customers, the public, and the trade into believing that there is some sponsorship, authorization, or association between Sweet Sam's and Defendant and/or Defendant and Plaintiff's SWEET SAM'S brand. Accordingly, customers and potential customers will likely be confused about the origin and sponsorship of Defendant's SWEET SAM BAKES-branded products.

38. Defendant's actions have caused and will continue to cause irreparable harm to Sweet Sam's unless enjoined and have also resulted in damages suffered by Sweet Sam's from Defendant's infringing conduct and activities. Unless enjoined, Defendant's actions will cause further confusion, mistake, and deception among the consuming public, injure the goodwill associated with the SWEET SAM'S Marks, cause Sweet Sam's to suffer additional damages, and otherwise cause irreparable injury to Sweet Sam's.

39. Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

40.      Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.      Defendant's advertising, sale, offering for sale and/or distribution of products using the SWEET SAM BAKES Mark are likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship, affiliation, connection and/or approval of Defendant's products and constitute use of a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II
## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

42.      Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.      Defendant's actions as described above constitute unfair competition and trademark infringement under the common law of the State of New York.

## COUNT III
## TRADEMARK DILUTION UNDER N.Y. GEN. BUS. L. § 360-L

44.      Plaintiff repeats and realleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.      Plaintiff's SWEET SAM'S Marks are strong, distinctive, and well-known and have garnered recognition in New York since long before Defendant adopted the SWEET SAM BAKES Mark.

46.      The SWEET SAM BAKES Mark is highly similar to Plaintiff's SWEET SAM'S Marks.

47.      Defendant's use of the SWEET SAM BAKES Mark for her goods actually dilutes

18

and/or is likely to dilute the distinctive quality of Plaintiff's SWEET SAM'S Marks.

48.    Defendant's actions as described above cause injury to the business reputation of Plaintiff and dilute the distinctive quality of Plaintiff's SWEET SAM'S Marks in violation of N.Y. General Business Law § 360-l.

**DEMAND FOR RELIEF**

Pursuant to Fed. R. Civ. P. 38(b), Sweet Sam's hereby demands a jury trial on all issues triable by a jury.

WHEREFORE, Sweet Sam's respectfully requests that this Court grant the following relief as to each of the above causes of action:

A.    Entry of an order and judgment requiring that Defendant, her agents, servants, employees, owners, representatives, and all other persons or entities in active concert or participation with them be permanently enjoined and restrained from: (a) using in any manner the designation SWEET SAM BAKES, the SWEET SAM BAKES Mark, or any names or marks confusingly similar thereto in connection with any baked goods, food or related products or services or in connection with any retail store name; and (b) doing any other act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers of Sweet Sam's as to the source of the goods offered, distributed, or marketed by Defendant or likely to deceive members of the public or prospective consumers into believing that there is some connection between Defendant and Sweet Sam's;

B.    A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Sweet Sam's within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to either discontinue doing

19

business or discontinue offering or marketing goods or services bearing the SWEET SAM

BAKES Mark;

C.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver for

destruction or to show proof of destruction or sufficient modification to eliminate all articles,

packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads,

business cards, literature, materials, receptacles, and any other matter in the possession, custody

or under the control of Defendant or its agents or distributors bearing the SWEET SAM BAKES

designations in any form or manner whatever or any mark that is confusingly similar to or a

colorable imitation of the SWEET SAM'S Marks, both alone and in combination with other

words or terms, and to remove and permanently cease use of the SWEET SAM BAKES

designation from all websites, online storefronts (including Etsy), social media accounts, posts,

listings, and any other digital or online materials within Defendant's possession, custody, or

control, and to take all steps necessary to effectuate such removal;

D.      A judgment directing Defendant to account to Sweet Sam's for all gains, profits

and advantages derived from Defendant's wrongful acts, pursuant to 15 U.S.C. § 1117(a) and

state law;

E.      An award of Sweet Sam's attorneys' fees and costs, and such enhanced damages

as permitted by law, based on Defendant's willful conduct and the exceptional nature of this case,

pursuant to 15 U.S.C. § 1117(a) and applicable New York law;

F.      A judgment in connection with the asserted common law claims and otherwise

permitted by law;

G.      A judgment that Defendant may not use or register, in any manner, SWEET SAM

BAKES or any other name or mark that incorporates, constitutes a colorable imitation of, or is

confusingly similar to Plaintiff's SWEET SAM'S Marks;

H.      A judgment that Defendant be required to transfer to Plaintiff the domain name www.sweetsambakes.com and any other domain names comprising or containing the term SWEET SAM BAKES, or any other terms confusingly similar thereto or to the SWEET SAM'S Marks; and

I.      A judgment granting Sweet Sam's such other and further relief as this Court deems just and proper.

Dated: June 16, 2026

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By:_____
    Meichelle R. MacGregor (mrm@cll.com)
    Paige A. Geier (pag@cll.com)
    114 West 47th Street
    New York, New York 10036
    Tel: (212) 790-9200
    *Attorneys for Plaintiff Sweet Sam's Baking Company, LLC*